234

THE STATE, EX REL. CITY OF CINCINNATI, APPELLANT, *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Cincinnati, *v.* Indus. Comm. (1988), 35 Ohio St. 3d 234.]

(No. 86-1393—Decided March 9, 1988.)

*Richard A. Castellini,* city solicitor, and *Philip S. Olinger,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Tyrone K. Yates,* for appellees Industrial Commission et al.

*Penny McCabe,* for appellee Donaldson.

*Per Curiam.* Appellant argues that an employer's "injury-with-pay" benefits to an employee during periods of disability are wages rather than loans or advances, for which the employer is entitled, through subrogation rights, to collect from third-party tortfeasors and from which the employee is required to offset temporary total disability payments made under R.C. 4123.56. In the alternative, appellant asserts that regardless of the characterization of payments made to appellee Donaldson, an employee should not be able to recover temporary total disability payments under R.C. 4123.56 when to do so permits a double recovery.

In the court below, the referee determined that R.C. 4123.56 required an offset only to the extent that a claimant received non-occupational disability payments simultaneously with the receipt of temporary total disability compensation. The referee found that appellant had not proved that the employer program in question met the requirements pertaining to offset. The referee further determined that, although appellant had only an expectancy interest in reimbursement for payments made to the employee, this did not preclude the employee from receiving temporary total disability compensation. Finally, the referee concluded that any recovery by the city in an action against a third party is not relevant to a determination of whether an employee has been overpaid temporary total disability compensation.

At all times pertinent to this action, R.C. 4123.56 provided that:

"If any compensation for total disability has been paid for the same period or periods for which non-occupational disability insurance or benefits is or has been paid pursuant to an insurance policy or program to which the employer has made the entire contribution or payment for providing such insurance or benefits, compensation for total disability for such period or periods shall be paid only to the extent by which such payment or payments exceeds the amount of such non-occupational insurance or benefits paid or payable."

In an application of the predecessor of R.C. 4123.56, G.C. 1465-79, this court considered the question of whether an employee who was receiving regular wages during a period of temporary total disability was entitled to compensation for such disability under the workers' compensation law. The court concluded that because the employee received wages during his period of temporary total disability, there was no loss and therefore no right to compensation for the disability. *State, ex rel. Rubin,* v. *Indus. Comm.* (1938), 134 Ohio St. 12, 11 O.O. 382, 15 N.E. 2d 541. In the instant case, the city, unlike the employer in *Rubin,* was indemnified for its payments to the employee. Article XXIV of the labor-management agreement between the city and its employees provides, in part, that:

"A. * * * As a condition precedent to receiving the benefits provided for this section the employee shall assign to the City that portion of his cause of action against any third party

or parties responsible for his disability in the amount of the payments made by the City pursuant to this section.

"* * *

"C. A Workmen's Compensation Claim should be filed for such injuries.

"D. Except as provided below for hospitalized employees, injury with pay benefits shall not be paid for the first eighty (80) hours of the disability. The first eighty (80) hours of the disability period shall be chargeable to sick with pay, vacation, compensatory time, if available, or sick without pay."

Appellee Donaldson assigned to the city that portion of his cause of action against any third party responsible for his disability in the amount of the payments made to him by the city.[1]

The city argues that the payments were wages, not loans or advances, because they were conditioned on the city's expectancy interest in recovering from the third-party tortfeasor and because, unlike loans or advances, they were conditioned only on the *possibility* of recovery by the city.

However, as noted above, in order to receive any payments by the city an injured employee must first use eighty hours of compensatory, sick or vacation time before he receives payments for "injury with pay benefits."

If the city had intended the payments made to an employee to be considered as salary or wages, it would not have required the employee to first use eighty hours of compensatory, sick, or vacation time. Rather, the city would have made wage payments to the employee as though nothing had occurred. Clearly, the city intended the payments to be loans or advances which it could recover in a legal action against a third-party tortfeasor.[2]

The court of appeals correctly and narrowly determined the legal issues according to the particular facts of this case. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

SWEENEY, LOCHER, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS, J., concurs in judgment only.

HOLMES, J., dissents.

MOYER, C.J., not participating.

---

[1] The exact amount which the city received in settlement with the tortfeasor is unclear. Appellant notes in its brief that it settled the claim for $15,000. Appellee Donaldson indicates that the city recovered the total amount of its expenditures made to Donaldson.

[2] The city ignores the effect of its labor-management agreement which states that before an employee is entitled to receive his "salary" in full for the period of disability, the employee must, as a condition precedent to receiving the benefits, agree to subrogate or assign part of his cause of action over to the city. Thus, an employee who refuses to assign his claim against a third-party tortfeasor is not entitled to receive any "salary" (wages) from the city. Hence, the payments are wages only if the employee agrees to abide by the labor-management agreement.